UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM COSTIGAN, JR.,          )      Case No. 5:14CV1002
                                   )
             Plaintiff,       )      MAGISTRATE JUDGE
                                   )      GEORGE J. LIMBERT
     v.                    )
                                   )
JOHN HANCOCK LIFE INSURANCE  )      MEMORANDUM OPINION AND
COMPANY,                    )      ORDER
                                   )
           Defendant.      )

Before the Court is a Motion to Clarify the Order of March 26, 2015, filed by Plaintiff

William Costigan, Jr. ("Plaintiff").  ECF Dkt. #36.  Plaintiff requests that the Court amend or

clarify the Order issued on March 26, 2015 (ECF Dkt. #35) partially granting a motion to

dismiss filed by Defendant John Hancock Life Insurance Company ("Defendant").  *Id*.  Plaintiff

requests that the Court clarify its March 26, 2015 Order as to whether Defendant's Motion to

Dismiss with respect to the fraud count was granted with prejudice or if the dismissal was

without prejudice.  ECF Dkt. #36 at 1.  Defendant filed a response in opposition to Plaintiff's

Motion to Clarify the Order of March 26, 2015.  ECF Dkt. #40.  Subsequently, Plaintiff replied

to Defendant's response.  ECF Dkt. #41.

For the following reasons, the Court GRANTS Plaintiff's Motion to Amend or Clarify

the Order of March 26, 2015 (ECF Dkt. #36) and finds Plaintiff's fraud claim was dismissed

with prejudice.

1

I.     PROCEDURAL HISTORY

Plaintiff filed suit against Defendant in the Court of Common Pleas, Summit County, Ohio in

April 2014.  ECF Dkt. #1 at 3-6.  Defendant timely removed the action to the United States District Court

for the Northern District of Ohio on May 8, 2014.  ECF Dkt. #1.  Plaintiff's initial Complaint included

claims for fraud, negligent misrepresentation, negligence, breach of contract, and declaratory relief.  ECF

Dkt. #1-1 at 3-6. Plaintiff filed his Amended Complaint on June 25, 2014 ("First Amended Complaint"),

withdrawing the fraud claim.  ECF Dkt. #12.  Defendant filed a Motion to Dismiss Plaintiff's First

Amended Complaint on July 14, 2014.  ECF Dkt. #18.  On August 8, 2014, Plaintiff filed his Second

Amended Complaint ("Second Amended Complaint"), reinserting a claim for fraud.  ECF Dkt. #26.

Defendant filed a Motion to Dismiss the Second Amended Complaint ("Second Motion to Dismiss") on

September 4, 2014.  ECF Dkt. #31.  On October 2, 2014, Plaintiff filed a Memorandum in Opposition to

the Defendant's Motion to Dismiss.  ECF Dkt. #32.  The Court issued an Order on March 26, 2015,

granting Defendant's Second Motion to Dismiss in part, with respect to Plaintiff's negligent

misrepresentation, fraud, and breach of contract/duty of good faith claims, and denied in part, with

respect to Plaintiff's breach of contract claim.  ECF Dkt. #35.  The partial denial was the result of

Defendant offering no arguments in support of the dismissal of the breach of contract claim.  *Id*. at 15-16.

On April 3, 2015, Plaintiff filed a Motion to Clarify or Amend the Order of March 26, 2015 ("Motion to

Clarify"), seeking clarification as to whether his fraud claim was dismissed with or without prejudice.

ECF Dkt. #36.

II.    ANALYSIS

According to the July 31, 2014 Case Management Order, all pleadings were to be amended on or before November 3, 2014.  ECF Dkt. #21 at 3.  Plaintiff seeks a dismissal of his fraud claim without prejudice so that he may file a motion requesting leave to amend his complaint for a third time.  *See* ECF Dkt. #12, #26, #36, #38.  According to Fed. R. Civ. P. 15(a)(2), "[a] party may amend its pleading only with the opposing party's written consent or the court's leave."  Plaintiff's original Complaint included a claim for fraud.  ECF Dkt. #1-1 at 3 to 4.  Plaintiff first amended his complaint on June 25, 2014.  ECF Dkt. #12.  This First Amended Complaint did not include a claim for fraud.  Plaintiff filed his Second Amended Complaint in light of Defendant's Second Motion to Dismiss.  ECF Dkt. #26.  This Second Amended Complaint reinserted Plaintiff's claim for fraud.  ECF Dkt. #26 at 4 to 5.  Plaintiff did so without requesting leave from the Court or permission from opposing counsel.  The Second Amended Complaint was accepted by the Court, but Plaintiff was cautioned to comply with the Federal Rules of Civil Procedure in the future.  ECF Dkt. #30 at 1.

The Sixth Circuit applies a three-part test, which outlines when a plaintiff should be allowed to amend his or her complaint:

> First, the court should determine whether a plaintiff was already on notice of the pleadings' deficiencies. The court must also consider whether there is undue delay, bad faith, or a dilatory motive on the part of the plaintiff. Second, the court should consider whether the defendant will suffer undue prejudice if a plaintiff is given an opportunity to amend the complaint. Finally, the court must determine, based on the record before it, whether a plaintiff can potentially amend the complaint to state a claim for fraud.

3

*Woodland Harvesting, Inc. v. Ga. Pac. Corp.*, 693 F.Supp.2d 732, 739 (2010) (citing *United States ex*

*rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644-45 (6th Cir. 2003)) (internal citations

omitted).  Furthermore, pursuant to Fed. R. Civ. P. 16(b), scheduling orders establishing deadlines for

amendments to pleadings "shall not be modified except upon a showing of good cause and leave by the

district judge."

    A.    Plaintiff was on Notice of Insufficient Pleadings

    First is the question of whether the Plaintiff was on notice of a deficiency in his pleadings.

Defendant's Second Motion to Dismiss put Plaintiff on notice that his pleadings failed to meet the

standard outlined in Fed. R. Civ. P. 9(b).  Defendant's Second Motion to Dismiss clearly outlined how

Plaintiff's pleadings did not meet the particularity requirement of Fed. R. Civ. P. 9(b).  ECF Dkt. #31-1 at

20-21.  Rather than file an amended complaint, like Plaintiff did in reaction to Defendant's First Motion

to Dismiss (ECF Dkt. #18), Plaintiff instead filed an objection.  ECF Dkt. #36.  "In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R.

Civ. P. 9(b).  The threshold for Fed. R. Civ. P. 9(b) is "whether the complaint places the defendant on

'sufficient notice of the misrepresentation,' allowing the defendant to answer, addressing in an informed

way plaintiff's claim of fraud."  *Coffey v. Foamex L.P.,* 2 F.3d 157, 162 (6th Cir. 1993) (quoting *Brewer v.*

*Monsanto Corp.*, 644 F.Supp. 1267, 1273 (M.D. Tenn. 1986)).  However, in order to meet the threshold

of particularity required by Fed. R. Civ. P. 9(b), a plaintiff must allege the time, place, and content of the

misrepresentation on which he or she relied, the fraudulent scheme, the fraudulent intent of the

defendant, and the resulting injury.  *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010).  The

Court dismissed the fraud claim contained in Plaintiff's Second Amended Complaint for failure to meet these standards.

Plaintiff claims that this dismissal was the first time he was given notice of the deficient pleading. However, Plaintiff was put on notice by Defendant's Second Motion to Dismiss.  ECF Dkt. #31 at 20-21. Defendant filed this motion on September 4, 2014 – two months before the deadline for amending pleadings established by the Case Management Order.  ECF Dkt. #21 at 3.  Plaintiff had nearly two months to amend his Complaint before the Case Management Order deadline.  The information necessary to plead with more particularity was not purely within the Defendant's knowledge.  Plaintiff himself admits that he was aware of the names of Defendant's agents who made representations, and who allegedly devised the scheme.  ECF Dkt. #36, #38 at 2.  However, Plaintiff did not include this information in any of his Complaints, and did not satisfy the requirements of Fed. R. Civ. P. 9(b).

Next, there is the question of whether Plaintiff had the opportunity to amend his Second Amended Complaint.  Plaintiff knew the deadline for amendments set by the Case Management Order was November 3, 2014. ECF Dkt. #21 at 3.  Plaintiff had already filed two amended complaints in this case. ECF Dkt. #12, #26.  Plaintiff had the opportunity to then request leave to file a third amended complaint, but chose instead to respond with an objection.  As is apparent from his Brief Memorandum in Support of the Motion to Clarify, Plaintiff is well aware of additional facts, such as the name of Defendant's agent, that would allow him to plead with more particularity, yet failed to include these facts in his complaint.  ECF Dkt. #36, #38 at 2 . Even two months after the Court gave Plaintiff notice that his pleadings were insufficient under Fed. R. Civ. P. 9(b), the Plaintiff still has not filed for leave to amend

5

his Second Amended Complaint, and thus the discussion of what information may be included in a newly amended complaint is still hypothetical.  Nearly nine months after Defendant exposed the flaws in Plaintiff's Second Amended Complaint, seven months after the deadline for filing an amended complaint, and two months after the Court discussed these same flaws, Plaintiff has still not filed for leave to amend his Second Amended Complaint.  Plaintiff had ample time to request to amend, and failed to make any such request.

Plaintiff cites *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002), stating that a plaintiff's request to amend a pleading several months after the expiration of a deadline in the scheduling order is not a failure to act diligently.  ECF Dkt. 41 at 3.  However, in *Inge,* the plaintiff requested leave to amend as a "prompt effort to remedy pleading deficiencies." *Inge*, 281 F.3d at 626.  In this case, Plaintiff has not made a prompt effort to remedy deficiencies in the Second Amended Complaint because Plaintiff failed to even request leave to amend.  Further, Plaintiff has already had two chances to cure deficient pleadings by filing amended Complaints.  Plaintiff also cites *Bledsoe* in support of his case.  *Bledsoe*, 342 F.3d at 644; ECF Dkt. #36, #38 at 3 to 4.  However, what Plaintiff fails to note is that in *Bledsoe* it was unclear whether or not FCA violations must adhere to the particularity standard of Fed. R. Civ. P. 9(b).  *Id.* However, there is no doubt that Plaintiff's fraud claim is required to adhere to the standards of Fed. R. Civ. P. 9(b), and therefore, Plaintiff had the requisite notice.

B.       Defendant Would Suffer Undue Prejudice

The actions of the Plaintiff in this case have caused undue prejudice to the Defendant.  Plaintiff

has filed three complaints, and Defendant has been responsible for responding to all three of these

complaints.  Both parties agreed to the Case Management Order deadline requiring all pleadings be

amended by November 3, 2014.  ECF Dkt. #21 at 3.  However, by Plaintiff filing multiple Complaints,

the Defendant has been prejudiced with the burden of expending time and money addressing these

claims.  Each time Plaintiff has amended the Complaint, he has slightly changed his theory of the case,

placing a burden on the Defendant to subsequently adjust and rework its own case theory.  Plaintiff's

Motion to Clarify caused Defendant to have to speculate as to Plaintiff's intentions.  As previously

stated, Plaintiff never requested leave to file an amended complaint, and subsequently, Defendant is

unreasonably prejudiced because it does not have adequate notice as to what the amended complaint may

contain.

Plaintiff further made no showing of good cause as to why he did not request leave to amend his

complaint earlier, such as when the Case Management Order still allowed for amendments or

immediately following the dismissal of the fraud claim.  Instead, Plaintiff chose to wait seven months,

delaying the process much longer than necessary.   "Delay by itself is not sufficient reason to deny a

motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in

determining whether an amendment should be granted."  *Head v. Jellico Housing Auth.*, 870 F.2d 1117,

1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Defendant did not have actual notice of how the pleadings would be amended because Plaintiff never

7

requested leave to amend and never provided a proposed amendment.  Plaintiff has continually

prejudiced Defendant throughout the course of this case by failing to follow the Federal Rules of Civil

Procedure, and failing to follow the deadlines established by the Case Management Order.  ECF Dkt.

#21.  Accordingly, Plaintiff was on notice of a deficiency in his pleadings, and his fraud claim is

dismissed with prejudice.

> C.     Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff's claim for fraud is dismissed with prejudice because there is no manner in which

Plaintiff can amend his Complaint to state a valid claim for fraud.  Under Ohio law, the elements of a

cause of action for fraud are:

> 1. A false representation, actual or implied, or a concealment of a fact material to the transaction.
>
> 2. The representation must relate to the present or past.
>
> 3. Knowledge of the falsity of statements made with such utter disregard or recklessness as to truth or falsity that knowledge can be inferred.
>
> 4. Intent to mislead another into relying on the representation.
>
> 5. Reliance with a right to reply.
>
> 6. Injury as a result of such reliance.

*Kasuri v. St. Elizabeth Hosp. Medical Center,* 897 F.2d 845, 851 (6th Cir. 1990) (quoting *Behrend v. State*

*of Ohio,* 55 Ohio App. 2d 135, 141-42, 379 N.E.2d 617, 621 (1977)).  A plaintiff must meet all of the

above elements in order to state a valid claim for fraud.  However, as correctly pointed out by Defendant,

it is impossible for Plaintiff to fulfill the second element of fraud.  Any promises made by Defendant's

agent about the cost of life insurance payments twenty years in the future are not considered present or past, and, as a matter of law, do not rise to the level of fraud required by the Ohio standard.  *Kasuri*, 897 F.2d at 852.

The fraudulent representations alleged by Plaintiff are that the Performance Advantage Universal Life Policy ("Policy") would remain affordable for the duration of the life of William Costigan, Sr., and that the Policy was a better product than a whole life policy.  ECF Dkt. #26 at 2. The premium for the Policy is contingent on a number of factors, and the Policy itself stated this information.  Policy premiums are determined by market performance, the timely payment of premiums, the amount of premium paid each year, as well as the life span of the insured party.  ECF Dkt. #40 at 7.

Plaintiff cites an exception in which a fraud claim may be based on future actions or conduct. *Martin v. Ohio State Univ. Foundation*, 139 Ohio App.3d 89 (Ohio Ct. App. 2000). However, Plaintiff's case does not fit this exception.  In order for fraud claims to be actionable, there must be "a sufficient factual basis to support an inference that they were knowingly made." *Coffey,* 2 F.3d at 162 (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1357, 1358 (W.D. Mich. 1992)).  Plaintiff presented no evidence that Defendant knew or could verify his statements twenty years into the future.  Plaintiff simply cites *Martin,* where the defendant made actionable misrepresentations by stating that interest payments would start immediately, when defendant knew this was untrue.  *Martin*, 139 Ohio App.3d 89.

In this case, Plaintiff alleges that Defendant's agent made a representation that this Policy would remain affordable for the life of William Costigan, Sr.  This agent had no way to know how long William

9

Costigan, Sr., would live – a major contingency factor determining affordability and pricing of the Policy.  Similarly, Defendant's agent had no way to know what would happen to the financial market over the course of the next twenty years.  Finally, Defendant's agent had no way to know if timely payments would be made, which would affect the cost of the insurance premiums.  Any and all calculations made in the Policy were purely predictions, and are not actionable causes for fraud, as determined by Ohio law.  *Martin*, 193 Ohio App.3d. at 98 (quoting *Assoc. for Responsible Development v. Fieldstone Ltd. Partnership*, 83 Ohio St. 3d 464, 475, 700 N.E.2d 859 (Ohio 1998)).

Therefore, any amendment to Plaintiff's fraud claim is futile, and should be dismissed with prejudice for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### D.      The Court Did Not Abuse Its Discretion

In the memorandum accompanying his Motion to Clarify, Plaintiff states that a dismissal with would constitute an abuse of discretion.  ECF Dkt. #36, #38 at 1.  The Court does not abuse its discretion in dismissing this claim with prejudice.  "Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent."  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).  This Court has provided a thorough explanation for the dismissal, considered the competing interests of the parties, examined prejudice to Defendant, and because of this analysis, there is no abuse of discretion.

Plaintiff discusses Fed. R. Civ. P. 15(a) several times.  Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires."  The Court has complied with Fed. R. Civ. P.

10

15(a) by allowing Plaintiff to amend his complaint twice already.  Further, according to the Sixth Circuit, "no abuse of discretion occurs when a District Court denies a party leave to amend where such leave was never sought."  *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545 (6ᵗʰ Cir. 2008).  In fact, on the day of this Order, the Sixth Circuit held that there is no abuse of discretion when a district court denies a plaintiff leave to amend a complaint where plaintiff "did not move for leave to amend or specifically identify any proposed amendment to the complaint."  *Semertzides v. Bethesda North Hospital*, *et al.,* No. 14-3669 (6ᵗʰ Cir. June 4, 2015) (citing *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783-84 (6ᵗʰ Cir. 2000)).  Plaintiff has not explicitly requested leave to amend the Second Amended Complaint, but rather suggested the amendment through his Motion to Clarify.  ECF Dkt. #36, #38 at 1.  Therefore, there is no abuse of discretion because Plaintiff has yet to request leave to amend his Second Amended Complaint.

Alternatively, if an amendment to the Complaint could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss, then that amendment is futile.  *Thoikol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376 (6ᵗʰ Cir. 1993).  As previously discussed, Plaintiff's fraud claim fails to state a claim upon which relief can be granted under Ohio law.  Dismissing Plaintiff's claim with prejudice is not an abuse of the Court's discretion, because Plaintiff cannot amend the complaint to state a valid claim.

11

V.      CONCLUSION

For the forgoing reasons, the Court GRANTS Plaintiff's Motion to Amend or Clarify the Order of March 26, 2015 (ECF Dkt. #36) and finds Plaintiff's claim was dismissed with prejudice.

DATE: June 4, 2015                          */s/George J. Limbert*

GEORGE J. LIMBERT

UNITED STATES MAGISTRATE JUDGE

12